UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 1 2 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-469-GWU

GARY W. CRAWFORD, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

Crawford

> Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404.1521, 416.920(c), 461.921.
>
> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 CFR 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

2

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Crawford

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

Crawford

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent

5

Crawford

lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 CFR 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 CFR Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony

6

only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Gary W. Crawford, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of a history of a compression fracture at L1, degenerative disc disease, gastroesophageal reflux disease, a history of liver disease, alcohol dependence in full remission, and an anxiety disorder. (Tr. 18). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mr. Crawford retained the residual functional capacity to perform a significant number of jobs existing in the economy and, therefore, was not entitled to benefits. (Tr. 18-23). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ had asked the VE a series of hypothetical questions, including whether a person of the plaintiff's age, education, and work experience could perform any jobs if he were limited to sedentary level exertion, and also had the following non-exertional impairments. (Tr. 359). He: (1) needed the option of sitting or standing; (2) could never climb ladders, ropes, or scaffolds; (3) could occasionally climb ramps and stairs, stoop, and crouch; (4) could only occasionally reach overhead with the dominant right arm; (5) should avoid exposure to whole body vibration; and (6) had a "fair" (defined as "limited but

Crawford

satisfactory") ability to relate to co-workers and supervisors, persist on tasks, tolerate work-related stress, and understand and remember moderately complex or complex instructions. (Tr. 358-9). The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 360).[1]

On appeal, this Court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

Mr. Crawford alleged disability due to a compression fracture in his back, liver problems, and shoulder problems. (Tr. 66).

While the evidence shows that Mr. Crawford had a temporary liver condition related to alcoholic hepatitis (e.g., Tr. 116), it resolved after he stopped drinking alcohol in 2001 (e.g., Tr. 182).

The evidence also shows that Mr. Crawford fractured his L1 vertebra in the summer of 2001, and MRI studies also indicated degenerative changes and a herniated disc. (Tr. 173-4, 230, 233-4, 242). While surgery was apparently contemplated at one point (Tr. 305), by February, 2002, the plaintiff was noted on examination to have a normal gait, did not use a cane to ambulate, was able to fully flex and extend his back, had no numbness or tingling, no spinal or paraspinal

---

[1] The plaintiff has not raised the issue of the number of jobs identified by the VE.

tenderness, and normal strength in both lower extremities. (Tr. 186). A physician at the plaintiff's treating source, the Cincinnati Veterans Administration Medical Center (VAMC), noted in May, 2002 that Mr. Crawford reported his pain was now limited to his back, near the base, and he no longer had radiation to the leg. (Tr. 298-9). He also reported to the physician that orthopedists at the University of Cincinnati Hospital were considering surgery for right shoulder fractures that had occurred at the same time as his vertebral fractures, but that his pain had improved considerably with physical therapy. (Tr. 299).

Records from sources at University Hospital show that, while the plaintiff's right shoulder x-rays did show a deformity of the humeral head, degenerative changes, and signs of chronic posterior dislocation (e.g., Tr. 240,245, 311-12, 315), by his last visit on May 1, 2002 he was reporting "no pain" at the time of the office visits and only occasional pain that he rated 2 on a scale of 1 to 10. (Tr. 319). The examining physician noted a good range of motion and strength, and discharged Mr. Crawford from his clinic with instructions to follow-up only as needed. (Id.).

None of the treating sources suggested functional restrictions. The plaintiff submitted a disability determination from the VA dated May 18, 2002 which cited his compression fracture, along with left leg numbness and tingling, gastroesophageal reflux disease, and depression. (Tr. 104-5, 288-90). Although the decision stated

that Mr. Crawford could not return to his job as a brick mason,[2] no actual functional conclusions appear to have been reached.

Two non-examining state agency physicians reviewed a portion of the record and concluded that the plaintiff could perform light level exertion, with limited overhead reaching with his right arm. (Tr. 277-84). These conclusions were consistent with the ALJ's hypothetical question.

The plaintiff argues on appeal that the ALJ erred in rejecting an assessment by Dr. Robert Hoskins dated November 20, 2002, which indicates that Mr. Crawford could lift only five pounds (occasionally and frequently), could sit no more than two hours in an eight-hour day, could stand and walk no more than two hours in an eight-hour day, and would miss work more than three days a month due to pain. (Tr. 321-3). As the Commissioner points out, although the plaintiff identified Dr. Hoskins as having been his treating physician for almost a year at the time of the June 11, 2003 administrative hearing (Tr. 348), the transcript contained no office notes or objective findings by the physician, and only one page listing objective studies, such as x-rays, that the physician had reviewed (Tr. 325). No results were given for the tests, although many had been ordered by previous treating sources and were in the transcript, and there were no results of physical examinations by Dr. Hoskins. Given this lack of objective findings, and the results of the examinations by other sources

---

[2]The ALJ had found the plaintiff unable to perform his past work. (Tr. 22).

10

who also had access to much of the same information, the ALJ could reasonably have refused to have rely upon Dr. Hoskins' restrictions.

As far as his <u>mental</u> problems were concerned, after being treated by the VAMC in January, 2001 for an apparent alcohol withdrawal seizure (Tr. 113-17), Mr. Crawford was treated for depression and anxiety by the VAMC, and prescribed medications including Amitriptylene, Zoloft and hydroxyzine. It was initially thought that his complaints of anxiety episodes were likely related to abstinence from alcohol and did not meet the criteria for panic disorder (Tr. 213) but, in any case, he responded well to medication (Tr. 192-3), and by March, 2002 he reported that he was "not that anxious or depressed any more," and primarily was reporting anxiety about scheduled orthopedic surgery (Tr. 297, 299). His last visit to his VAMC psychiatrist, Dr. Carr, was on July 29, 2002, when his mood and affect were described as normal, he was alert and oriented, and his memory was intact. (Tr. 294). He reiterated that he was "not that depressed or anxious," and that his back surgery had been postponed but that he was not sure about rescheduling. (Id.). Dr. Carr noted that he was "doing well at this time." (Tr. 295).

Dr. Kevin Eggerman, a psychiatrist, performed a consultative evaluation on Mr. Crawford in October, 2001 and diagnosed alcohol dependence in early full remission and an anxiety disorder. (Tr. 270-4). He felt that the plaintiff had a full range of affect and was not depressed, and had only mild anxiety by the end of the examination. (Tr. 274). Dr. Eggerman opined that Mr. Crawford would have a "fair"

11

Crawford

ability to understand and remember moderately complex or complex instructions, relate to co-workers, persist on tasks, and tolerate work-related stress. (Id.). The plaintiff does not argue that any of the psychological evidence is inconsistent with the hypothetical question.

The plaintiff does argue on appeal that the ALJ should have given weight to the disability finding by the VAMC. While the Commissioner's rules allow such opinions to be considered, see 20 C. F. R. Section 404.1512(a)(5), they also provide that "a decision by . . . another governmental agency about whether you are disabled or blind is based on its own rules and is not our decision about whether you are disabled or blind [and] is not binding on us." 20 C. F. R. Section 404.1504. In the present case, the VA decision appears to conclude, at most, that the plaintiff could not return to his past relevant work, which was conceded by the ALJ. However, the Commissioner then carried her burden of showing that there were other jobs that the plaintiff could perform. Accordingly, the plaintiff's argument is without merit.

The decision will be affirmed.

This the ___/2___ day of August, 2005.

G. WIX UNTHANK
SENIOR JUDGE

12